## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-01910-SCT

*EARNEST LEE*

*v.*

*JOHN EARL BOOKER*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/31/2015 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ANTHONY LOUIS SCHMIDT, JR. |
| | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DARRELL CLAYTON BAUGHN |
| ATTORNEY FOR APPELLEE: | JOHN EARL BOOKER (PRO SE) |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND RENDERED - 02/16/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     After a legislative overhaul of the probation and parole statutes, John Earl Booker, a parole-eligible inmate, requested a case plan pursuant to Mississippi Code Section 47-7-3.1. The Mississippi Department of Corrections (MDOC) denied Booker's request, stating that the statute did not apply retroactively. The Sunflower County Circuit Court reversed the MDOC's denial of Booker's request and found that the statute applied retroactively and that Booker was eligible for a case plan.

**FACTS AND PROCEDURAL HISTORY**

¶2.    A Corrections and Criminal Justice Task Force, created by the Legislature in 2013 to develop policy recommendations, found that Mississippi had the second largest imprisonment rate in the country.[1] At the then-current growth rate, the Task Force estimated that new corrections spending would cost the State hundred of millions of dollars over the next ten years. Id. Consequently, with the goal of ensuring certainty in sentencing and controlling corrections costs while keeping public safety paramount, the Legislature adopted the Task Force's recommendations, and on July 1, 2014, passed with overwhelming support House Bill 585. Id. To combat the growth of the prison population, House Bill 585 implemented a system requiring parole-eligible inmates to follow a "case plan." Id. A parole case plan is defined by statute as "an individualized, written accountability and behavior change strategy developed by the department in collaboration with the parole board to prepare offenders for release on parole at the parole eligibility date." Miss. Code Ann. § 47-7-2 (c) (Rev. 2015).

¶3.    Mississippi Code Section 47-7-3.1(1) states that "[i]n consultation with the Parole Board, the department shall develop a case plan for all parole eligible inmates to guide an inmate's rehabilitation while in the department's custody and to reduce the likelihood of recidivism after release." Miss. Code Ann. § 47-7-3.1(1) (Rev. 2015).

¶4.    Booker was sentenced in July 1981 and in 1982 and became parole-eligible on September 15, 2011. The Parole Board denied Booker parole on September 24, 2014, and set his next parole-hearing date for four years later. After the Legislature passed House Bill

[1]http://www.legislature.ms.gov/Documents/MSTaskForce_FinalReport.pdf    (last visited February 14, 2017).

585, Booker, through the MDOC's Administrative Remedy Program, requested a case plan pursuant to Section 47-7-3.1. Verlena Flagg, Associate Warden, first denied Booker's request, maintaining that the statute was not retroactive and that only inmates convicted on or after July 1, 2014, were eligible to receive case plans. Inmates sentenced before the effective date of the statute were to continue the traditional avenue of parole, through review by the Parole Board. Earnest Lee, Superintendent of the Mississippi State Penitentiary, affirmed Flagg's denial of Booker's request for a case plan and interpretation of the statute.

¶5.     Booker appealed to the Sunflower County Circuit Court on August 11, 2015. On September 2, 2015, the circuit court found that, because the language of the statute was plain and unambiguous, the statute applied retroactively and Booker was entitled to receive a case plan pursuant thereto. The circuit court ordered the MDOC to provide Booker a case plan within ninety days. Aggrieved, Lee appeals.

## DISCUSSION

¶6.     On December 8, 2016, this Court held that Mississippi Code Section 47-7-3.1 "does not clearly and unequivocally express an intention for retroactive applicability." *Fisher v. Drankus*, 204 So. 3d 1232, 1236 (Miss. 2016).[2] Thus, pursuant to this Court's precedent, because he was convicted prior to July 1, 2014, Booker is not now eligible to receive a parole case plan under Section 47-7-3.1.

## CONCLUSION

---

[2]The *Fisher v. Drankus* opinion was not unanimous. One Justice concurred in result only, and two Justices dissented.

¶7.     Accordingly, we reverse the decision of the circuit court and render a judgment in favor of the MDOC.

¶8.     **REVERSED AND RENDERED.**

        **WALLER, C.J., RANDOLPH, P.J., KITCHENS, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.  DICKINSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**